**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 15-28-DLB**

**TERRY BLEVINS**                                                                                    **PLAINTIFF**


**V.**                                      **MEMORANDUM OPINION AND ORDER**


**CAROLYN W. COLVIN,**                                                                    **DEFENDANT**
**Commissioner of Social Security**

\* \*   \* \*  \* \*  \* \*  \* \*  \* \*  \* \*  \* \*

      Plaintiff Terry Blevins brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. Having reviewed the record and the parties' dispositive motions, and for the reasons set forth herein, the Court will affirm the Commissioner's decision.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

      On March 14, 2012, Plaintiff Terry Blevins filed his application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"), alleging disability as of December 1, 2008.   (Tr. 161-167).   Plaintiff's claim was denied initially and on reconsideration.   (Tr. 73-100 and 101-102).   On January 8, 2014, Administrative Law Judge Maria Hodges conducted an administrative hearing at Plaintiff's request.   (Tr. 26-52).   ALJ Hodges ruled that Plaintiff was not entitled to benefits on February 6, 2014.   (Tr. 8-25).   This decision became the final decision of the Commissioner when the Appeals Council denied review on March 27, 2015. (Tr. 1-7).

On May 10, 2015, Plaintiff filed the instant action.  (Doc. # 2).  This matter has culminated in cross-motions for summary judgment, which are now ripe for the Court's review.  (Docs. # 10 and 11).

## II.  DISCUSSION

### A.    Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*  Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Id.*  Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently.  *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis.  Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy that the claimant can perform.  As to the last step, the burden of proof shifts from the claimant to the Commissioner.  *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d

2

469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.    The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date. (Tr. 13).   At Step 2, the ALJ found Plaintiff's history of degenerative disc disease to be a severe impairment within the meaning of the regulations. (*Id.*).

At Step 3, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments listed in, or medically equal to, an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 15).  In making this determination, the ALJ noted that Plaintiff's impairments do not meet or equal Listing 1.02(A), 1.02(B), or 1.04. (*Id.*).

At Step Four, the ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. § 416.967(c), with the following restrictions:

> [H]e can occasionally push and pull with the left lower extremity; would need a sit/stand option at one hour intervals; can occasionally climb ramps or stairs; may never climb ladders, ropes or scaffolds; can frequently balance; may occasionally stoop, kneel, crouch and crawl; and must avoid concentrated exposure to vibrations and cold.

(*Id.*).  Based on this RFC, the ALJ concluded that Plaintiff was unable to perform any of his past relevant work. (Tr. 19).

Accordingly, the ALJ proceeded to the fifth and final step of the sequential evaluation, and found that there were a significant number of jobs in the national economy that Plaintiff could perform.  (*Id.*).  The ALJ based this conclusion on testimony from a

3

vocational expert ("VE"), in response to a hypothetical question assuming an individual of Plaintiff's age, education, work experience, and RFC. (Tr. 19-20).  The VE testified that a hypothetical individual with Plaintiff's vocational profile and RFC could perform the requirements of representative occupations at the light and sedentary levels of exertion, and gave specific examples of a non-governmental mail clerk, price marker, surveillance system monitor, and sorter.  (Tr. 20).  Based on the testimony of the VE and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff is capable of making a successful adjustment to other work and thus concluded that he was not under a "disability," as defined by the Social Security Act.  (*Id.*).

## C.    *Analysis*

Plaintiff's counsel sets forth two arguments for the Court's consideration.  First, Plaintiff argues that the "ALJ failed to give adequate reasons for discounting the treating and examining physician, Dr. Scott Arnett's RFC." (Doc # 10-1 at 5).  Second, Plaintiff claims that the "ALJ's findings of light work with a sit/stand option violates" Social Security Ruling ("SSR") 83-12.  Both of these arguments will be addressed in turn.

### 1.    The ALJ did not err in discounting the opinions of Dr. Scott Arnett.

In Social Security disability cases, medical evidence may come from treating sources, non-treating sources, and non-examining sources.  20 C.F.R. § 404.1502.  A treating source is the claimant's "own physician, psychologist, or other acceptable medical source who provides [claimant], or has provided [claimant], with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [claimant]." *Id.*; *see also Abney v. Astrue*, Civ. A. No. 5:07-394-KKC, 2008 WL 2074011, at *11 (E.D. Ky. May 13, 2008) (stating that one meeting is insufficient to establish an ongoing

4

treatment relationship).  A non-treating source is an acceptable medical source who has examined the claimant but does not have an ongoing treatment relationship with him or her, while a non-examining source has not examined the claimant but has provided medical or other opinion evidence in the case.  *Id.*

A treating source's opinion is entitled to controlling weight if the "opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [his or her] case record."  20 C.F.R. § 404.1527(c)(2). If the opinion is not entitled to controlling weight, the ALJ must decide how much weight to give it by considering the length, frequency, nature, and extent of the treatment relationship; evidence in support of the opinion; consistency of the opinion with evidence in the record; physician's specialization; and other factors brought to the ALJ's attention. 20 C.F.R. § 404.1527(c)(1)-(6).  These same factors guide the ALJ in determining how much weight to give a non-treating or non-examining source's opinion.  *Id.*

Upon referral from his attorney, Plaintiff was examined by Dr. Arnett in November 2012.  (Tr. 17).  Dr. Arnett also completed an RFC assessment in January 2013, "at which time he noted that there was a diagnosis of lumbar degenerative disc disease; thoracic degenerative disc disease; left hip osteoarthritis and degenerative changes; and hypertension. (Tr. 409).  On the pre-printed RFC form, Dr. Arnett opined that Plaintiff "was able to work four hours in an eight hour day; stand/walk less than two hours in an eight hour day; sit three hours in an eight hour day; lift 10 pounds occasionally and five pounds frequently; could never bend, stoop or climb ladders; could occasionally balance and climb stairs; could occasionally use his bilateral hands for repetitive action; and would miss more

5

than four days a month. (Tr. 19; 409).  The ALJ accorded little weight to Dr. Arnett's assessment of the Plaintiff's RFC. (Tr. 19).

Although Plaintiff acknowledges that the ALJ gave reasons for discounting Dr. Arnett's RFC assessment, Plaintiff complains that the ALJ "failed to give adequate reasons for discounting the treating and examining physician, Dr. Scott Arnett's RFC." (Doc. # 10-1 at 5).  Specifically, the Plaintiff argues that "the ALJ's allegations that there are no objective clinical or laboratory findings is preposterous," and that the ALJ's determination that "there are no findings that limit the [Plaintiff's] ability to sit, stand, and walk," and that "Dr. Arnett's RFC fails to relate his limitations to any specific findings" are errors. *Id.* at 5-7.

The record belies Plaintiff's assertion.  In rendering his RFC assessment, the ALJ explained that he was giving little weight to Dr. Arnett's opinion due to the short length of treatment history, lack of objective clinical or laboratory findings to support the degree of limitation, and Dr. Arnett's failure to relate his opinion to any specific findings.[1]  (Tr. 19). Specifically, the ALJ reasoned:

> In this case, there is a lack of objective clinical or laboratory findings to support the degree of limitation that Dr. Arnett finds.  The medical record reveals no significant evidence of neurologic compromise, which would affect the claimant's ability to stand, walk, or sit to the degree as indicated.  In addition, he does not relate his opinion to any specific findings; his opinion is not supported by reports, which indicate only routine outpatient care, with little or no continuing treatment or use of prescribed medication; and his assessment is inconsistent with the claimant's self-reported activities of daily living.  The undersigned also notes that the claimant only recently sought

---

[1] It is unclear from the ALJ's Hearing Decision, as well as the parties' briefing, whether Dr. Arnett was considered a treating or non-treating source.  However, the ALJ noted that there was a "lack of objective clinical or laboratory findings to support the degree of limitation." (Tr. 19).  Therefore, even if a treating opinion, the ALJ sufficiently explained why Dr. Arnett's opinion was not entitled to controlling weight, and then discussed the factors required by 20 C.F.R. § 404.1527(c)(1)-(6).

treatment from Dr. Arnett upon referral from his attorney. The undersigned, therefore, gives little weight to Dr. Arnett's assessment of the claimant's residual functional capacity.

(*Id.*). Because the ALJ explained how much weight she gave to the opinion of Dr. Arnett, whether considered a treating or non-treating source, and because she detailed her reasons for doing so in accordance with 20 C.F.R. § 404.1527(c), the Court finds no error in this portion of the ALJ's Step 4 analysis.

Furthermore, it does not matter if the substantial evidence does support Plaintiff's disability, so long as it also supports a finding of "not disabled." *Her*, 203 F.3d at 389-90 (holding that "[e]ven if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the decision reached") (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). As a result, it does not matter if Plaintiff, or even this Court, believes substantial evidence supports a different disability determination. All that is required of the ALJ is that she render a decision that is supported by substantial evidence. The ALJ has done so here.

### 2. The ALJ's finding of light work with a sit/stand option does not violate Social Security Ruling 83-12.

Lastly, Plaintiff argues that the "ALJ's findings of light work with a sit/stand option violate the state agency Social Security Ruling 83-12." (Doc. # 10-1 at 8). Specifically, Plaintiff claims that the "ALJ erred in not entering a favorable decision and the vocational expert failed to provide adequate testimony to support the agency's ruling." *Id.*

Social Security Ruling 83-12 provides that:

In some disability claims, the medical facts lead to an assessment of RFC which is compatible with the performance of either sedentary or light work except that the person must alternate periods of sitting and standing. The

individual may be able to sit for a time, but must then get up and stand or walk for awhile before returning to sitting. Such an individual is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work (and for the relatively few light jobs which are performed primarily in a seated position) or the prolonged standing or walking contemplated for most light work. (Persons who can adjust to any need to vary sitting and standing by doing so at breaks, lunch periods, etc., would still be able to perform a defined range of work.)

There are some jobs in the national economy--typically professional and managerial ones--in which a person can sit or stand with a degree of choice. *If an individual had such a job and is still capable of performing it, or is capable of transferring work skills to such jobs, he or she would not be found disabled.* However, most jobs have ongoing work processes which demand that a worker be in a certain place or posture for at least a certain length of time to accomplish a certain task. Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will. *In cases of unusual limitation of ability to sit or stand, a VS should be consulted to clarify the implications for the occupational base.*

SSR 83-12; 1983 WL 31253 (emphasis added).

Therefore, SSR 83-12 does not mandate a finding of disability when a claimant has an alternate sitting and standing limitation.  *Bradley v. Sec. of Health & Human Servs.*, 862 F.2d 1224, 1227 (6th Cir. 1988) ("... a claimant is not disabled simply based on a need to alternate between sitting, standing and walking if a vocational expert can identify ... jobs ... that can be performed within the claimant's limitations."). Instead, it requires the ALJ to do precisely what the ALJ did here: consider the Plaintiff's sit/stand limitation, and if it is an unusual limitation of ability, consult a Vocational Expert ("VE") to determine the limitation's implication on the disability determination.  The ALJ did just this.

The VE testified that "given all of these factors [Plaintiff] would be able to perform the requirements of representative occupations at the light and sedentary levels of exertion." (Tr. 20).   The VE provided several specific examples, including: non-governmental mail clerk and price marker at the light level and surveillance system monitor

8

and sorter at the sedentary level. (Tr. 50).  The ALJ then asked the VE: "If you added to that that the person would need a sit/stand option at one hour intervals, what impact, if any would that have?" *Id*.  The VE testified that "it would reduce the range of the light jobs and the numbers of the examples that I gave would be reduced by 50 percent.  The sedentary jobs would remain intact." *Id*.   Therefore, the ALJ complied with SSR 83-12 by incorporating the sit/stand limitation, consulting the VE regarding that specific limitation, and finding that Plaintiff could perform work existing in significant numbers in the national and regional economy.  There is substantial evidence in the record to support the ALJ's conclusion that Plaintiff is not disabled.

### III.  CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1)     The decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**;

(2)     Plaintiff's Motion for Summary Judgment (Doc. # 10) is hereby **DENIED**; and

(3)     Defendant's Motion for Summary Judgment (Doc. # 11) is hereby **GRANTED.**

A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

This 21st day of June, 2016.



Signed By:
*David L. Bunning*
United States District Judge

K:\DATA\SocialSecurity\MOOs\Ashland\15-28 Blevins MOO.wpd

9